WILLIAM Z. MANCHESTER, ADMR., v. W. A. BURSEY ET AL.

Decided January 6, 1906.

**1.—Right of Administrator to Possession of Estate.**

As against an heir an administrator has a superior right to the possession of the property of an estate.

**2.—Payment of Debts by Heir—Credit for Same.**

In an action by an administrator against an heir to recover property of the estate, the heir may show in defense the application by him of such property of the estate to the payment of debts against the estate, and receive credit for the amount so applied.

**3.—Heirs—Possession and Distribution of Estate.**

The title to an estate being in the heirs, they have a right, in the absence of an administration or any known necessity for same, to take possession of the

estate and distribute it among themselves. An administrator subsequently appointed would have to look to each heir for the portion received by him.

Appeal from the County Court of Tarrant County. Tried below before Hon. R. F. Milam.

*Jas. C. Scott,* for appellant.—Where defendants admit they have money in their possession judgment should be for plaintiff for at least that amount, and interest from date of filing suit. Blinn v. McDonald, 92 Texas, 608; Webster v. Willis, 56 Texas, 474; Ansley v. Baker, 14 Texas, 608.

The administrator must collect the estate as it existed at the time of the death of John Bouvet. Rev. Stats., art. 1986; Fisk v. Norvel, 9 Texas, 13; Blinn v. McDonald, 92 Texas, 608.

No brief for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit was brought by the administrator of the estate of John Bouvet, deceased, against a son and son-in-law of John Bouvet, to recover money belonging to said estate which has come to their hands and been partly disposed of by the payment of the debts of said estate and by distribution among the heirs of John Bouvet, prior to any administration. The court denied the administrator any recovery, although, admittedly, the defendants, or at least one of them, still had some of the money in possession. In this the court erred. The administrator of an estate has the undoubted right to recover from an heir money in his hands belonging to the estate. The court also erred in permitting the defendants to testify to transactions with deceased, contrary to the statute on that subject. (Rev. Stats., art. 2302.)

In view of another trial, we will discuss briefly other issues raised. It seems that an heir in Texas is not treated as an executor *de son tort*, as he was at common law, for the mere handling of the personal estate of the deceased; and while the administrator is entitled to recover it from him, the heir may show in defense of the action that money coming to his hands as heir had been properly applied to the payment of just debts of the estate prior to the appointment of an administrator. (Blinn v. McDonald, 92 Texas, 608, and cases cited.) In discussing this question in Ansley v. Baker, 14 Texas, 608, there cited, Chief Justice Hemphill observed, "though if debts were fairly paid allowance would no doubt be made for such payments." Indeed, it seems to be the prevailing rule in the courts of this country "that just debts of a decedent which have been paid by an executor *de son tort* according to their legal priority may be set off against the amount of damages for which his intermeddling has rendered him liable." The reason given for this rule is that "it is no detriment to the administrator *de jure* that such payments were made by the executor *de son tort*." (Woerner on American Law of Administration (2d ed.), sec. 195; Williams on Executors (American Notes by Randolph & Talcott), vol. 1, page 316; 11 American and English Encyclopedia of Law (2d ed.), 1352-3; Cook v. Sanders, 94 Am. Dec., 139; Bennett v. Ives, 30 Conn., 329.) For a recent discussion of the

question and review of the authorities, see Slate v. Henkle, 78 Pac. Rep., 325. Applying this principle to the case before us, we are of opinion that appellees would be entitled to a credit for whatever amount of money they can show was properly applied to the payment and extinguishment of debts (in this instance funeral expenses and expenses of last sickness) for which the estate of John Bouvet was liable.

We are also inclined to the opinion that the appellees would not be liable as executors *de son tort* for a mere distribution of the money of the estate among the heirs entitled to it. Under our statutes, contrary to the rule at common law, personal as well as real estate descends to the heirs immediately on the death of the ancestor, subject to the payment of debts, and if the title be in them we see no grounds for treating them as trespassers or intermeddlers for merely taking possession and making distribution of it among themselves in the absence of any administration or any known necessity for administration, as seems to have been the case immediately after the death of John Bouvet. The administrator subsequently appointed would have to look to each of the heirs for the portion received by him.

For the errors pointed out, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*